IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT ROCKENBACH                                                                                       PLAINTIFF

v.                                        Civil No. 4:17-cv-04041

SHERIFF BRYAN McJUNKINS,
Howard County, Arkansas; ALCIE MCCAULEY;
JEFFERY LOVELISL; HOWARD COUNTY,
ARKANSAS; CHRIS GATES; AARON
QUICK; and CHRISTY PHARR                                                                            DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss based on Plaintiff Robert Rockenbach's failure to obey orders of the Court. (ECF No. 72).

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on June 7, 2017. (ECF No. 1). Plaintiff filed an Amended Complaint on August 28, 2017. (ECF No. 29). On February 2, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 43). On May 10, 2018, the Court granted in part and denied in part Defendants' motion. (ECF No. 53). On May 10, 2018, the United States District Judge Susan O. Hickey referred this case for a mandatory settlement conference pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. (ECF No. 54).

The settlement conference was initially set for June 13, 2018, in Texarkana, Arkansas, before Magistrate Judge Barry A. Bryant. (ECF No. 55). On May 29, 2018, Plaintiff filed a Motion to Continue the Settlement Conference. (ECF No. 58). The following day, this Court granted Plaintiff's motion and set the settlement conference for October 9, 2018, in Texarkana, Arkansas, at 10:00 a.m. (ECF No. 61). On October 9, 2018, Defendants and their counsel appeared for the settlement conference at 10:00 a.m. as ordered by this Court. However, Plaintiff failed to appear for the settlement conference. (ECF No. 70). That same day the Court entered an

1

order requiring Plaintiff to show cause by October 30, 2018, as to why he failed to appear for the settlement conference. (ECF No. 71). This order informed Plaintiff that failure to show cause by October 30, 2018, would result in the case being dismissed for failure to obey a court order. To date, the order has not been returned to the Court as undeliverable and Plaintiff has failed to respond.

On November 13, 2018, Defendants filed a Motion to Dismiss based on Plaintiff's failure to comply with the Court's order to show cause. (ECF No. 72). The following day, the Court entered an order directing Plaintiff to file a Response to Defendant's Motion to Dismiss on or before December 5, 2018. (ECF No. 74). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal without prejudice, pursuant to Local Rule 5.5(c)(2). To date, the order directing Plaintiff to respond to Defendants' Motion to Dismiss has not been returned to the Court as undeliverable and Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the

district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Defendants' Motion to Dismiss (ECF No. 72) is **GRANTED.** Plaintiff's Amended Complaint (ECF No. 29) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 17th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge